## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KENNY W. HEISTAND,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **Case No. 08-3292-CM-DJW** |
| **HAROLD COLEMAN, Bourbon County** ) | |
| **Sheriff, in his official and individual capacity,** ) | |
| **DARRELL SPENCER, Director of Security,** ) | |
| **Bourbon County Jail, in his official and** ) | |
| **individual capacity, and JIMMY NICHOLS,** ) | |
| **Programs Director, Bourbon County Jail,** ) | |
| **in his official and individual capacity,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

Pending before the Court is the Motion to Stay Discovery (doc. 25) filed by Defendants Harold Coleman, Darrell Spencer, and Jimmy Nichols (collectively, "Defendants") on April 2, 2009. Defendants ask the Court to stay discovery in this case until the Court rules on Defendants' pending Motion for Judgment on the Pleadings (doc. 23). Any response to the Motion was due on April 16, 2009. As of the date of this Order, Plaintiff, who is proceeding *pro se* in this matter, has not filed any response to the Motion. The Motion is now ripe for consideration. For the reasons set forth below, the Court will grant the Motion.

The general policy in the District of Kansas is not to stay discovery even if a dispositive motion is pending.[1] However, the Court finds that a stay is appropriate here under the factors set forth in *Wolf v. United States*.[2] *Wolf* held that it is appropriate for a court to stay discovery until a

---

[1] *See Wolf v. U.S.*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[2] *See id.*

pending dispositive motion is decided "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[3]  Here, Defendants' pending Motion for Judgment on the Pleadings, if granted, would resolve all of the claims pending in this case.  In addition, conducting discovery would not affect resolution of the Motion for Judgment on the Pleadings, which seeks judgment on the grounds that (a) Plaintiff's Complaint fails to state a claim upon which relief can be granted, (b) Plaintiff's claims are barred by the doctrines of claim preclusion and issue preclusion, and (c) Defendants are entitled to qualified immunity on each of Plaintiff's claims.  Finally, the Court concludes that discovery on all issues in Plaintiff's Complaint would be burdensome at this point.

The Court also finds a stay of discovery to be appropriate given that Defendants' Motion for Judgment on the Pleadings raise issues as to Eleventh Amendment qualified immunity.  Defendants are entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings.[4]  "One of the purposes of immunity . . . is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."[5]  The Supreme Court has made it clear that until the threshold question of immunity is resolved, discovery should not be allowed.[6]

For the foregoing reasons, the Court will grant Defendants' Motion.

---

[3] *Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990)).

[4] *See Siegert v. Gilley*, 500 U.S. 226, 232-33 (1991).

[5] *Id.*, 500 U.S. at 232.

[6] *See id.* at 233; *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay Discovery (doc. 25) is granted. All discovery is hereby stayed until the Court has ruled on Defendants' pending Motion for Judgment on the Pleadings (doc. 23).

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 30th day of April 2009.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:   All counsel and pro se parties