# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KENNY W. HEISTAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | Case No. 08-3292-CM |
| HAROLD COLEMAN, DARRELL ) | |
| SPENCER, and JIMMY NICHOLS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Pending before the court is plaintiff's Motion for Extension of Time to Respond to Defendants' Reply to Plaintiff's Response for Judgment on the Pleadings (Doc. 54). Plaintiff seeks an additional sixty days to respond to defendants' reply because he believes that he will soon be transferred to a facility that has a law library and law clerks.

On two prior occasions, the court extended the time for plaintiff to respond to defendants' motion for judgment on the pleadings. The motion has now been pending since April 2, 2009, although it only became ripe on September 11, 2009. When the court granted plaintiff's second request for an extension of time to respond, the court advised plaintiff: "In the interest of justice, the court will grant plaintiff one final extension of time to respond to defendants' motion for judgment on the pleadings. Plaintiff is expected to comply with this deadline, and if he does not, the court intends to consider the merits of the motion without the benefit of a response from plaintiff. . . . [P]laintiff is forewarned that the court does not intend to grant another motion for extension of time to respond to defendants' motion." Plaintiff filed a response in accordance with that order, and defendants replied on September 11, 2009. The court was prepared to issue its ruling on the motion before plaintiff asked for additional time to file what is essentially a surreply.

The court's Local Rules do not contemplate the filing of surreplies. *See* D. Kan R. 6.1(d); *see also Sheldon v. Charles Schwab & Co.,* No. 98-2277-JWL, 2000 WL 33911222, at *3 (D. Kan. Sept. 27, 2000). Generally, the District of Kansas does not permit surreplies. *Taylor v. Sebelius*, 350 F. Supp. 2d 888, 900 (D. Kan. 2004) (citation omitted*); see also ICE Corp. v. Hamilton Sundstrand Corp.,* No. 05-4135-JAR, 2007 WL 4239453, at *7 (D. Kan. Nov. 30, 2007) (noting that "surreplies are disfavored" and finding "no reason for departing from the general rule") (citation and internal quotation marks omitted). The court allows surreplies only in "rare circumstances as where a movant improperly raises new arguments in a reply." *King v. Knoll*, 399 F. Supp. 2d 1169, 1174 (D. Kan. 2005) (citations omitted). "Such rules are not only fair and reasonable, but they assist the court in defining when briefed matters are finally submitted and in minimizing the battles over which side should have the last word." *McShares, Inc. v. Barry*, 979 F. Supp. 1338, 1341 (D. Kan. 1997).

Here, defendants did not exceed the scope of their motion in their reply brief. Plaintiff's allegations that he did not have access to a law library when he drafted his response are insufficient to justify allowing him to file a surreply. He does not meet the standards that this court has set for the rare occasions it will allow a surreply.

Plaintiff also has not shown good cause why the court should allow him to supplement his response brief. *See Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 659 (D. Kan. 1999) (requiring extraordinary circumstances and good cause to file a post-reply brief) (citing *Mike v. Dymon, Inc.*, No. 95-2405-EEO, 1996 WL 427761, at *2 (D. Kan. July 25, 1996). To allow plaintiff to rewrite his response brief at some point in the future when he *might* be transferred and have access to a law library would prejudice defendants, who fairly expected finality in the briefing

and focused their reply brief on plaintiff's earlier response. Plaintiff has not given the court a valid reason to exercise its discretion to permit supplementation of plaintiff's response. *See Turner v. Reynolds Ford, Inc.*, No. 97-6152, 1998 WL 234540, at *7 (10th Cir. May 11, 1998) ("Whether to allow a party to supplement a summary judgment response is ordinarily subject to the trial court's discretion." ) (citation omitted).

**IT IS THEREFORE ORDERED THAT** plaintiff's Motion for Extension of Time to Respond to Defendants' Reply to Plaintiff's Response for Judgment on the Pleadings (Doc. 54) is denied.

Dated this 13th day of October 2009, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**